```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF NEW YORK


UNITED STATES OF AMERICA,         : Docket#23-CR-16(JHR)

                  Plaintiff,      :

    -against-                     :

CHARLES MCGONIGAL,                : New York, New York
                                    January 23, 2023
                  Defendant.

---------------------------------:

                      PROCEEDINGS BEFORE
                 THE HONORABLE SARAH L. CAVE
                   UNITED STATES MAGISTRATE



APPEARANCES:

For Plaintiff:    UNITED STATES ATTORNEY'S OFFICE
                  SOUTHERN DISTRICT OF NEW YORK
                  BY:  DEREK WIKSTROM, ESQ.
                       HAGAN SCOTTEN, ESQ.
                  1 St. Andrew's Plaza
                  New York, New York 10007


For Defendant:    BRACEWELL, LLP
                  BY:  SETH D. DUCHARME, ESQ.
                       MEAGAN MALONEY, ESQ.
                  31 West 52nd Street, Suite 1900
                  New York, New York 10019



Transcription Service: Marissa Mignano Transcription
                       Phone:  (631) 813-9335
                       E-mail:marissamignano@gmail.com



Proceedings recorded by electronic sound recording;
Transcript produced by transcription service
```

INDEX

E X A M I N A T I O N S

| Witness | Direct | Cross | Re-Direct | Re-Cross |
|---|---|---|---|---|
| None | | | | |

E X H I B I T S

| Exhibit Number | Description | ID | In | Voir Dire |
|---|---|---|---|---|
| None | | | | |

```
 1                THE CLERK:  Your Honor, this is in the
 2    matter of United States VS. Charles McGonigal,
 3    23-CR-16.
 4                Counsel, please state your appearance for
 5    the record.
 6                MR. WIKSTROM:  Good afternoon, Your Honor.
 7    Derek Wikstrom for the Government.  And I'm joined
 8    by Assistant United States Attorney Hagan Scott from
 9    my office.  Good afternoon.
10                THE COURT:  All right.  Good afternoon.
11                MR. DUCHARME:  Good afternoon, Your Honor.
12    For Mr. McGonigal, Seth DuCharme, and I'm joined by
13    my colleague Meagan Maloney.
14                THE COURT:  Okay.  Good afternoon to both
15    of you.  Good afternoon, Mr. McGonigal.  I'm
16    Magistrate Judge Cave.  Nice to meet you.
17                THE DEFENDANT:  Good afternoon, Your Honor.
18                THE COURT:  All right.  Mr. Wikstrom, may I
19    have the date and time of arrest, please?
20                MR. WIKSTROM:  Yes, Your Honor.  The date
21    and time of arrest was Saturday, January 21, at
22    approximately 3:15 p.m.
23                THE COURT:  Okay.  Thank you very much.
24                So, Mr. McGonigal, you're here today
25    because you're charged with certain crimes in an
```

```
 1    indictment, and the purpose of today's proceeding is
 2    to advise you of certain rights that you have,
 3    inform you of the charges against you, consider
 4    whether counsel should be appointed, and decide
 5    under what conditions, if any, you should be
 6    released pending trial.
 7            I'll first explain certain constitutional
 8    rights that you have.  You have the right to remain
 9    silent.  You're not required to make any statements.
10    Even if you've already made statements to the
11    authorities, you do not need to make any further
12    statements.  Any statements that you do make can be
13    used against you.  You have the right to be
14    released, either conditionally or unconditionally,
15    pending trial, unless I find that there are no
16    conditions that would reasonably assure your
17    presence at future court appearances and the safety
18    of the community.  If you're not a US citizen, you
19    have the right to request that a government attorney
20    or a law enforcement official notify a counselor
21    officer from your country of origin that you've been
22    arrested.  In some cases, a treaty or other
23    agreement may require the United States Government
24    to give that notice, whether you request it or not.
25    You have the right to be represented by an attorney
```

```
 1    during all court proceedings, including this one,
 2    and during our questioning by the authorities.  You
 3    have the right to hire your own attorney.  If you
 4    cannot afford an attorney, the Court can appoint one
 5    to represent you.
 6            Do you understand all the rights I've just
 7    described, sir?
 8            THE DEFENDANT:  I do, Your Honor.
 9            THE COURT:  Thank you.  And I understand,
10    Mr. Wikstrom, we also have a 5(c)(3) affidavit.
11    Does Mr. McGonigal and his counsel, do they have a
12    copy of that as well?
13            MR. WIKSTROM:  Yes, I emailed it to counsel
14    this afternoon, Your Honor.
15            THE COURT:  Okay.  You have that, Mr.
16    DuCharme?
17            MR. DUCHARME:  We do, Your Honor.
18            THE COURT:  Okay.  I think we'll talk about
19    it.  We'll leave that to the end, how we'll deal
20    with that.
21            So as far as the indictment that was issued
22    by a grand jury of this district, the indictment
23    charges you with certain offenses.
24            In Count 1, the indictment charges that
25    from the spring of 2021 until November 2021, you
```

```
 1    conspired to violate the International Emergency
 2    Economic Powers Act.  And the object of that
 3    conspiracy was to violate a license, order,
 4    regulation or prohibition that was issued under that
 5    act.  In violation of 50 USC § 1705, various
 6    executive orders and 31 CFR § 589.21.
 7             In Count 2, the indictment charges that
 8    from the spring of 2021 until November 2021 you made
 9    and received a contribution of funds, goods or
10    services to a specifically designated national under
11    the International Emergency Economic Powers Act in
12    violation of 50 USC § 1705, several executive orders
13    31 CFR § 589.21, and 18 USC § 2.
14             Count 3 of the indictment charges that from
15    August 2021 until November 2021 you conspired to
16    commit money laundering of the funds derived from
17    the other violations of the act, in violations of
18    violation of 18 USC § 1956(a)(1)(B)(i) and (H).
19             And finally, the indictment charges in
20    Count 4, that from the spring of 2021 until November
21    2021, you caused the specifically -- a specifically
22    designated national to transfer funds to you through
23    a Russian bank, a Cypress corporation and a New
24    Jersey corporation to conceal the origin of those
25    funds in violation of 18 USC § 1956(a)(1)(B)(i) and
```

```
 1    (ii).
 2            Mr. DuCharme, do you have a copy of the
 3    indictment?
 4            MR. DUCHARME:  I do, Your Honor.
 5            THE COURT:  Okay.  And have you reviewed it
 6    with Mr. McGonigal?
 7            MR. DUCHARME:  Yes, Your Honor.
 8            THE COURT:  Okay.  Does he waive a full
 9    public reading of the indictment?
10            MR. DUCHARME:  He does, Your Honor.
11            THE COURT:  Okay.  And I understand that
12    Judge Rearden has also referred this case for
13    arraignment.  Is Mr. McGonigal prepared to enter a
14    plea today?
15            MR. DUCHARME:  He is, Your Honor.
16            THE COURT:  Okay.  And what plea is that?
17            MR. DUCHARME:  Not guilty.
18            THE COURT:  Okay.  The Court will enter a
19    not guilty plea on your behalf, Mr. McGonigal.  And
20    the record will reflect that Mr. McGonigal has been
21    arraigned.
22            Mr. Wikstrom, I direct the prosecution to
23    comply with its obligation under Brady vs. Maryland
24    and its progeny to disclose to the defense all
25    information, whether admissible or not, that is
```

1  favorable to Mr. McGonigal, material, either to
2  guilt or to punishment and known to the prosecution.
3  Possible consequences for noncompliance may include
4  dismissal of individual charges or the entire case,
5  exclusion of evidence, and professional discipline
6  or court sanction on the responsible attorneys.
7  After this proceeding, I will enter a written order
8  that more fully describes this obligation and the
9  possible consequences of failing to meet it and
10 direct the prosecution to review and comply with
11 that order.
12            Does the prosecution confirm that it
13 understands these obligations and will fulfill them?
14            MR. WIKSTROM:  Yes, Your Honor.
15            THE COURT:  Okay.  Thank you.
16            And while you're up, what is the
17 Government's position as to bail, detention or
18 release?
19            MR. WIKSTROM:  Your Honor, we've begun
20 discussing with defense counsel a proposed bail
21 package.
22            THE COURT:  Okay.
23            MR. WIKSTROM:  The Government's proposal
24 would be that Mr. McGonigal be released on a
25 $500,000 personal recognizance bond to be cosigned

```
 1    by two financially responsible persons with pretrial
 2    supervision as directed, travel restricted to the
 3    continental United States with permission from
 4    pretrial services for any such travel outside of the
 5    Southern or Eastern Districts of New York.  A
 6    requirement that Mr. McGonigal surrender all travel
 7    documents and make no new applications for such
 8    documents.  Prohibition on Mr. McGonigal opening any
 9    new financial accounts or lines of credit without
10    pretrial services advanced permission.  And a
11    prohibition on contact with defendant victims or
12    witnesses unless in the presence of counsel.
13            THE COURT:  Okay.  All right.  Thank you.
14            Mr. DuCharme, do you have a reaction to
15    those conditions?
16            MR. DUCHARME:  I do.  It's a favorable one,
17    Your Honor.  Essentially we're in agreement, I think
18    in terms of the package.  We have in court today two
19    financially responsible people who the Government
20    has an opportunity to interview.
21            You know, the nature of Mr. McGonigal's
22    work sometimes involves international travel.  We're
23    not asking for that today.
24            THE COURT:  Okay.
25            MR. DUCHARME:  If that becomes important to
```

```
 1    his work, we'll inform the Government and seek a
 2    bail modification to permit work-related travel at
 3    that time.  But right now, I think these conditions
 4    are acceptable to the defense.
 5              THE COURT:  Okay.  Just give me one second.
 6              MR. WIKSTROM:  Your Honor, may I have just
 7    one moment to confer --
 8              THE COURT:  Yes, please do.
 9              MR. WIKSTROM:  Thank, Your Honor.
10              THE COURT:  Okay.  Just give me one moment.
11    Any changes based on those discussions?  Okay.
12              MR. DUCHARME:  No, Your Honor.
13              THE COURT:  All right.
14              Based on my review of the indictment, the
15    pretrial services report, and the agreement of
16    counsel, I will accept the bail package that the
17    parties have proposed.
18              So, Mr. McGonigal, you'll be released on
19    your signature on a $500,000 personal recognizance
20    bond.  There must be two financially responsible
21    persons who cosign that bond.  You'll be subject to
22    Pretrial Services supervision as directed.  Your
23    travel is limited to the continental United States.
24    To travel outside either the Southern or the Eastern
25    Districts of New York, you'll need to get the
```

```
 1    permission of pretrial services in advance.  I
 2    believe -- I thought I saw that you had already
 3    signed your -- surrendered your passport, but you
 4    may not make any new applications for new travel
 5    documents.  You may not open any new financial
 6    accounts or lines of credit without prior approval
 7    by pretrial services, and you may not have any
 8    contact with any codefendants, victims or witnesses
 9    unless in the presence of counsel.
10              Let me just stop there.  Mr. McGonigal, do
11    you understand the conditions I've just set?
12              THE DEFENDANT:  I do, Your Honor.
13              THE COURT:  Thank you.  Let me just warn
14    you, sir, if you fail to appear in court as
15    required, or if you violate any of the conditions of
16    your release, a warrant will be issued for your
17    arrest.  You and anyone who signed the bond will
18    each be responsible for paying the full amount of
19    $500,000, and you may be charged with a separate
20    crime of bail jumping, which can mean additional
21    jail time and/or a fine.
22              In addition, if you commit a new offense
23    while you're released, in addition to the sentence
24    for that offense, you'd be sentenced to an
25    additional term of imprisonment of not more than ten
```

```
 1    years if the offense is a felony, or not more than
 2    one year if the offense is a misdemeanor and that
 3    term of imprisonment is executed after any other
 4    sentence of imprisonment is completed.
 5              While you're awaiting trial, I must warn
 6    you not to have any contact with or engage in any
 7    intimidation of potential or designated witnesses or
 8    jurors, not to engage in any intimidation of any
 9    court officer, and not to engage in any conduct that
10    would obstruct any investigation by law enforcement.
11              If you don't agree with my decision, you do
12    have the right to appeal it.
13              Do you understand the warnings I've just
14    given you, sir?
15              THE DEFENDANT:  I do, Your Honor.
16              THE COURT:  Thank you.  All right.
17              Now, with respect to the 5(c)(3) and the
18    charges out of the District of Columbia, is there a
19    date for any proceedings in that case that's been
20    set yet?
21              MR. WIKSTROM:  I understand that a date
22    hasn't been set, but we were asked by the folks
23    responsible for that case in the District of
24    Columbia to request that the Court set down a date
25    for Wednesday.  And I understand from speaking with
```

1     Mr. DuCharme that that will be a remote appearance.
2               THE COURT:  Okay.  So this Wednesday the
3     25th?
4               MR. WIKSTROM:  Yes, Your Honor.
5               THE COURT:  Okay.  Do you have the time for
6     that?
7               MR. WIKSTROM:  I do not.
8               THE COURT:  Okay.  Do you happen to know,
9     Mr. DuCharme?
10              MR. DUCHARME:  I don't, Your Honor.  I've
11    inquired a number of times to the prosecutor in DC.
12    It is accurate that I was told it was going to be
13    virtual, but I don't have a time or date.
14              THE COURT:  Okay.  I think also, just in
15    light of -- I'm just going to make one additional
16    modification to the bail conditions, that he can
17    travel to the District of Columbia for purposes of
18    court appearances in that case.  Obviously, he
19    should let pretrial services know if he has to, but
20    that way you don't have to come and ask the Court
21    for permission for any court appearances for that
22    case.  Okay?
23              MR. WIKSTROM:  Thank you.  No objection to
24    that.
25              THE COURT:  Okay.  Is there anything else

```
 1    with respect to the 5(c)(3) that you'd like me to
 2    cover today?
 3            MR. WIKSTROM:  I believe he needs to
 4    formally waive identity and that the Court needs to
 5    advise him about the terms of Rule 20.
 6            THE COURT:  Okay.
 7            MR. WIKSTROM:  Thank you.
 8            MR. DUCHARME:  There's not a question
 9    there.
10            THE COURT:  Okay.  So just again to
11    confirm, Mr. DuCharme, you have a copy of the
12    5(c)(3) affidavit from the District of Columbia as
13    well as the charging document in that case?
14            MR. DUCHARME:  Yes, Your Honor.  I received
15    both by email.
16            THE COURT:  Okay.  So, Mr. McGonigal, you
17    have with respect to the proceeding in the District
18    of Columbia the right to what's called an identity
19    hearing, which is a hearing on the issue of whether
20    you're the person named in the warrant and the
21    underlying documents, you have the right to waive
22    that hearing.  As I understand that your counsel has
23    waived that right on your behalf.  Is that right,
24    sir?
25            THE DEFENDANT:  Yes, Your Honor.
```

```
 1              THE COURT:  Okay.  And the conditions that
 2    I'm setting with respect to this case apply unless
 3    and until the judge in that case does something.
 4    The conditions that I've set should apply there.
 5    And I'll also direct you to report to that Court.
 6    It sounds like there's a proceeding set for this
 7    coming Wednesday, to report before the judge in that
 8    case.
 9              Okay.  Anything else then, Mr. Wikstrom?
10              MR. WIKSTROM:  Not with respect to the
11    5(c)(3), Your Honor.
12              THE COURT:  Okay.
13              MR. WIKSTROM:  We do have one application
14    with respect to the indictment in this district.
15              THE COURT:  Okay.
16              MR. WIKSTROM:  And that's an application to
17    exclude time, with such exclusion not to exceed two
18    weeks, to allow the Government to begin producing
19    and the defense to begin reviewing discovery in this
20    case.
21              THE COURT:  Okay.
22              MR. WIKSTROM:  And allow us to set a date
23    before the district judge for a first status
24    conference.
25              THE COURT:  Okay.  Do you wish to be heard,
```

1     Mr. DuCharme?
2               MR. DUCHARME:  I mean, Your Honor, yeah.
3     We don't oppose excluding two weeks if that's going
4     to give us time to review discovery.  That's fine.
5     To the extent that's in the interest of justice, we
6     have no objection to that.
7               THE COURT:  Okay.  All right.  So two weeks
8     from today is February 6.  So I will grant the
9     exclusion because I find that the ends of justice
10    outweigh the best interests of the public and Mr.
11    McGonigal in a speedy trial based on the need to
12    exchange discovery and arrange a videoconference in
13    front of Judge Rearden.  So time is excluded through
14    February 6.
15              Okay.  Anything further, Mr. Wikstrom?
16              MR. WIKSTROM:  No, Your Honor.  Thank you.
17              THE COURT:  Mr. DuCharme?
18              MR. DUCHARME:  Nothing from the defense.
19    Thank you, Your Honor.
20              THE COURT:  Thank you.  Thank you, Mr.
21    McGonigal.
22              THE DEFENDANT:  Thank you, Your Honor.
23              THE COURT:  We're adjourned.
24                     C E R T I F I C A T E
25

```
 1        I, Marissa Mignano, certify that the foregoing
 2   transcript of proceedings in the case of
 3   UNITED STATES OF AMERICA, v. CHARLES McGONIGAL,
 4   Docket #23-CR-16(JHR), was
 5   prepared using digital transcription software and is
 6   a true and accurate record of the proceedings.
 7
 8
 9   Signature    ___Marissa Mignano_____
10                     Marissa Mignano
11
12   Date:       February 2, 2023
13
...
25
```