

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

February 8, 2023

**BY ECF**

The Honorable Jennifer H. Rearden
United States District Judge
500 Pearl Street
Southern District of New York
New York, New York 10007

      Re:    *United States v. Charles McGonigal and Sergey Shestakov*, 23 Cr. 16 (JHR)

Dear Judge Rearden:

      The Government writes to respectfully request that the Court hold an *ex parte* conference pursuant to Section 2 of the Classified Information Procedures Act ("CIPA"). For the Court's reference in anticipation of that conference, this letter provides general information about certain procedures under CIPA.

      CIPA governs the discovery of classified information in federal criminal cases. *See United States v. Abu-Jihaad*, 630 F.3d 102, 140-41 (2d Cir. 2010). Congress enacted CIPA to enable the Government to fulfill its duty to protect national security information, while simultaneously complying with its discovery obligations in federal criminal prosecutions. *See* S. Rep. No. 96-823, 96th Cong., 2d Sess., at 3 (1980), *reprinted in* 1980 U.S.C.C.A.N. 4294, 4296; *see also United States v. Pappas*, 94 F.3d 795, 799 (2d Cir. 1996) (CIPA's purpose is to "harmonize a defendant's right to obtain and present exculpatory material upon his trial and the government's right to protect classified material in the national interest" (internal quotation marks and citation omitted)); *United States v. Rezaq*, 134 F.3d 1121, 1142 (D.C. Cir. 1998) ("When classified materials may be relevant to criminal proceedings, [CIPA] provides procedures designed to protect the rights of the defendant while minimizing the harm to national security.").

      CIPA does not alter a defendant's substantive rights or the Government's discovery obligations. *See United States v. Yunis*, 867 F.2d 617, 621 (D.C. Cir. 1989); *United States v. Anderson*, 872 F.2d 1508, 1514 (11th Cir. 1989). Rather, CIPA creates a procedural framework that permits the Court to rule, before trial, on questions related to classified materials. This framework helps to prevent unnecessary or inadvertent disclosure of classified information, and allows the Government to assess the national security "costs" associated with pursuing a certain course in its criminal prosecution. *See, e.g., Anderson*, 872 F.2d at 1514; *United States v. Collins*, 720 F.2d 1195, 1197 (11th Cir. 1983) (the "straightforward and clear" purpose of CIPA "is to

provide procedures under which the government may be made aware, prior to trial, of the classified information, if any, which will be compromised by the prosecution").

      As relevant here, Section 2 of CIPA provides that upon a party's motion, the court "shall promptly hold a pretrial conference" to consider matters relating to classified information. 18 U.S.C. App. 3 § 2. Courts regularly conduct Section 2 conferences *ex parte*, so that the Government can discuss the substance of classified information that may be at issue in CIPA litigation or that may be relevant to the prosecution. *See, e.g.*, *United States v. Klimavicius-Viloria*, 144 F.3d 1249, 1261 (9th Cir. 1998) ("In a case involving classified documents…*ex parte*, *in camera* hearings in which government counsel participates to the exclusion of defense counsel are part of the process that the district court may use in order to decide the relevancy of the information."); *United States v. Saipov*, No. 17 Cr. 722 (VSB), 2019 WL 5558214, at *2-3 (S.D.N.Y. Oct. 29, 2019) (discussing *ex parte* Section 2 conferences held in that case, and rejecting the argument that it was improper to hold *ex parte* conferences); *United States v. Balouchzehi*, No. 21 Cr. 658 (JMF) (S.D.N.Y. Nov. 11, 2022) (Dkt. 32) (granting the Government's request to hold a classified *ex parte* proceeding pursuant to CIPA Section 2); *United States v. Haji Abdul Sattar Abdul Manaf*, No. 18 Cr. 762 (PAC) (S.D.N.Y. June 11, 2019) (Dkt. 16) (Government letter requesting that the court hold a classified *ex parte* proceeding pursuant to CIPA Section 2).

      The Government expects to provide the Court with further information about whether there will be any need for CIPA practice in this case, and to answer any questions the Court may have, at the CIPA Section 2 conference.

      Respectfully submitted,

      DAMIAN WILLIAMS
      United States Attorney

By:  /s/_____
     Rebecca T. Dell
     Hagan Scotten
     Derek Wikstrom
     Assistant United States Attorneys
     (212) 637-2198 / 2410 / 1085

Cc:    Defense Counsel (by ECF)
       Daniel Hartenstine, Classified Information Security Officer (by email)