# GLAVIN PLLC
156 West 56th Street, Suite 2004
New York, New York 10019
646-693-5505

May 9, 2023

**VIA ECF**
The Honorable Jennifer H. Rearden
United States District Court
500 Pearl Street
Southern District of New York
New York, New York 10007

Re:   United States v. Charles McGonigal and Sergey Shestakov, 23 Cr. 16 (JHR)

Dear Judge Rearden:

    I represent Sergey Shestakov in the above-referenced matter and write regarding the Court's May 8, 2023 Order regarding setting a trial date at the May 10, 2023 status conference. *See* ECF No. 43. On behalf of Mr. Shestakov, for the reasons set forth below, I respectfully request that the Court set this matter down for another status conference in September or October, rather than set a trial date at this time. I am very uncomfortable, consistent with my obligations to Mr. Shestakov, committing to a trial date absent clarity on the outstanding issues described below. To be clear, there are many factors and facts that I did not know about or appreciate at our initial conference on February 9, 2023, when the parties indicated that we could come back to the Court in 90 days to set a trial date. This case is far more complex, with far more discovery, than I anticipated at the initial conference when I was new to the case.

    *First*, as the Court is aware, I am seeking a security clearance so that I can receive classified information to inform my review of discovery, motion practice, and core defense strategy in this case. At a minimum, I need the clearance so that Mr. DuCharme, counsel for co-defendant Mr. McGonigal, can share classified information with me in a privileged context, which will inform every aspect of how we proceed in this case. I completed and submitted the 136-page application for a security clearance, however, I am advised by U.S. Justice Department's Justice Management Division that: (1) the background investigation will take months to complete (average of 120 days) and (2) Mr. DuCharme cannot share any classified information with me until the background investigation has been completed. I requested interim, temporary clearance and was informed that such clearance was not possible in this case. I also requested an expedited investigation. I note that the discovery productions, including productions of classified information that have been reduced to a summary and exclude the classified information, raise many questions for me that I need to openly discuss with Mr. DuCharme before I can commit to core litigation positions.

*Second*, the discovery in this case has been far more voluminous and complex than what we understood from the Government at the February 9, 2023, initial conference. The Government has produced over 16,720 individual files, some of which range from tens to hundreds of pages long. Despite the Government's contention at the March 8, 2023, status conference that discovery was nearly complete, the Government continues to make significant productions. To date, the Government has made seven discovery productions, with six productions made on March 7, March 8, April 7, April 21, April 27 and May 8, 2023. The files produced include large amounts of ESI, financial documents, surveillance reports, Customs and Board Patrol reports, FBI 302s, pen-register data, and various subpoena returns. The last six productions were approximately 32.886 gigabytes of information bringing the total production to roughly 72 gigabytes. We are not close to completing our review of the discovery.

In addition to sheer volume, several hundreds of pages of discovery are in foreign languages including, Russian, Hebrew, French and German, and thus require translation. Upon raising the translation issue to the Government, I was told that "the Government has provided the translations in its possession" and would provide any additional translations the Government obtained "in a timely manner." Absent additional translations from the Government, we will have to take steps to obtain translations and that is costly to Mr. Shestakov. Mr. Shestakov does not have unlimited resources.

Further, on Wednesday, May 3, 2023, the Government informed me that it would produce to me discovery related to Mr. McGonigal's separate indictment in the District of Columbia. I delivered an external hard drive to the Government for them to produce this discovery and await this latest production.

*Third*, I expect litigation under CIPA regarding classified material, but I am not yet in a position to commit to a CIPA litigation schedule until I can confer with Mr. DuCharme openly on classified material in a privileged setting. Further, I have serious questions regarding the Government's representation in their May 8, 2023 letter (ECF No. 44) that it "has met its discovery obligations with respect to classified information." The Government to date has declined to inform me what inquiries they made, if any, of the Intelligence Community, as defined the U.S. Department of Justice Criminal Resource Manual § 9-90.210, of Rule 16/*Brady* material. I will engage in further discussions with the Government on this issue, and motion practice may be necessary.

Accordingly, for the foregoing reasons, I respectfully request that the Court set this matter down for another status conference and not set a trial date at this time.

Sincerely,

/s/ Rita M. Glavin
Rita Glavin

*Counsel for Defendant Sergey Shestakov*

cc: Seth DuCharme, Esq.