

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

January 17, 2025

**BY ECF**
The Honorable Jennifer H. Rearden
United States District Judge
500 Pearl Street
Southern District of New York
New York, New York 10007

     Re:    *United States v. Sergey Shestakov*, **23 Cr. 16 (JHR)**

Dear Judge Rearden:

The Government respectfully submits this letter in opposition to the defendant's motion to compel. (Dkt. No. 208, "Mot." or the "Motion"). First, the defendant moves to compel the Government to conduct a prudential search review ("PSR") for certain information, or, in the alternative, to grant the defendant's previous request to serve a Rule 17(c) subpoena to the National Security Agency ("NSA") (*see* Dkt. No. 135).[1] Second, the defendant moves to compel the Government to produce "a narrower subset of the materials" from *United States v. Olga Shriki*, 22 Cr. 518 (PKC), and *United States v. Bonham-Carter*, 22 Cr. 502 (PAE), that the defendant previously requested in a prior motion to compel discovery (Dkt. No. 85, the "Prior Motion to Compel"), which the Court denied on June 21, 2024 (Dkt. No. 123). For the reasons explained below, the Motion should be denied in its entirety.

**I.  Legal Standard**

Federal Rule of Criminal Procedure 16(a)(1)(E)(i) requires the Government to produce, upon defense request, items "within the government's possession, custody, or control" that are "material to preparing the defense." Evidence is "within the government's possession, custody, or control" if "(1) it has actually reviewed [the evidence], or (2) [the evidence is] in the possession, custody, or control of a government agency so closely aligned with the prosecution so as to be considered part of the prosecution team." *United States v. Finnerty*, 411 F. Supp. 2d 428, 432 (S.D.N.Y. 2006).[2] Evidence is material to the defense "if it could be used to counter the government's case or to bolster a defense," but "information not meeting either of those criteria is not to be deemed material within the meaning of" Rule 16. *United States v. Stevens*, 985 F.2d 1175, 1180 (2d Cir. 1993) (interpreting the Rule's predecessor, Fed. R. Crim. P. 16(a)(1)(C)); *accord United States v. Armstrong*, 517 U.S. 456, 462 (1996); *United States v. Rigas*, 258 F. Supp.

---

[1] Because the Government previously opposed the defendant's request to serve the same subpoena to the NSA (*see* Dkt. No. 140), the Government expressly incorporates all arguments from that opposition and will not repeat them here.

[2] Unless otherwise noted, case quotations omit internal quotations marks, citations, and previous alterations.

2d 299, 306-07 (S.D.N.Y. 2003).  That an item may be "useful" to the defense does not render it "material" under Rule 16.  *Rigas*, 258 F. Supp. 2d at 307.  Rather, "[t]here must be some indication that the pretrial disclosure of the disputed evidence would . . . enable[] the defendant significantly to alter the quantum of proof in his favor."  *United States v. Maniktala*, 934 F.2d 25, 28 (2d Cir. 1991).  "In order to compel the Government to produce certain evidence, a defendant must make a *prima facie* showing of materiality, and must offer more than the conclusory allegation that the requested evidence is material."  *United States v. Abdalla*, 317 F. Supp. 3d 786, 790 (S.D.N.Y. 2018); *accord Finnerty*, 411 F. Supp. 2d at 431; *Rigas*, 258 F. Supp. 2d at 307.

Under *Brady* and its progeny, "[t]he prosecution has a constitutional duty to disclose evidence favorable to an accused when such evidence is material to guilt or punishment."  *United States v. Coppa*, 267 F.3d 132, 135 (2d Cir. 2001).  This duty covers not only exculpatory material, but also information that could be used to impeach a government witness.  *Id.* (citing *Giglio v. United States*, 405 U.S. 150, 154 (1972)).

## II.  The Court Should Deny the Defendant's Motion to Compel the Government to Conduct a PSR

The Court should deny the defendant's motion to compel the Government to conduct a PSR for three independent reasons.

*First*, as the Government has previously explained (*see, e.g.*, Dkt. No. 37), while the Justice Manual sets out the policies and procedures for conducting a prudential search for potentially discoverable material in the possession of intelligence agencies that were not part of the prosecution team, *see* Justice Manual § 9-90.210, the Justice Manual creates no legal obligation to conduct such a search, *see* Justice Manual § 9-27.150 ("These principles, and internal office procedures adopted pursuant to them, are intended solely for the guidance of attorneys for the government. They are not intended to create a substantive or procedural right or benefit, enforceable at law, and may not be relied upon by a party to litigation with the United States."); *see also, e.g.*, *United States v. Piervinanzi*, 23 F.3d 670, 682 (2d Cir. 1994) (noting that the Justice Manual "provide[s] no substantive rights to criminal defendants").  Prudential search reviews are, as the name implies, searches conducted out of prudence, not legal obligation.

The Government also has no legal obligation to inform the defendant whether it has conducted a PSR or, if it has conducted a PSR, the agency or agencies from which it has sought records.  And the confirmation or denial of the existence or non-existence of any information held by the intelligence community following a PSR would itself be classified, as the Government has explained. (*See, e.g.*, Dkt. No. 140 (citing cases)).  Nevertheless, the Government reiterates that it is aware of its disclosure obligations and the applicable Department of Justice policies.  We have complied with those obligations and are not required to disclose to the defendant how we have complied with them. (*See, e.g.*, Dkt. No. 37 (citing cases)).  As the Court is aware, the Government has participated in classified *ex parte* conferences with the Court pursuant to the Classified Information Procedures Act on March 6, 2023, August 7, 2024, and November 7, 2024, and the Government filed an *ex parte* motion pursuant to Section 4 of CIPA on September 30, 2024.  On December 27, 2024, the Court granted the Government's Section 4 motion and authorized the Government to withhold from discovery the material the Government sought to delete. (Dkt. No. 192).

*Second*, the defendant has failed to establish that there is information "within the government's possession, custody, or control." Fed. R. Crim. P. 16(a)(1)(E)(i). The intelligence community is not part of the prosecution team in this case. Therefore, any materials that the intelligence community may or may not have are not within the possession, custody, or control of the prosecution team in this case, such that the prosecution has no obligation to disclose such materials, even if they exist. The Second Circuit has "long rejected the notion that knowledge of any part of the government is equivalent to knowledge on the part of the prosecutor." *United States v. Hunter*, 32 F.4th 22, 36 (2d Cir. 2022); *see id.* ("[U]ndisclosed information that is not known to anyone on [the prosecution team] does not give rise to a *Brady* violation."); *United States v. Avellino*, 136 F.3d 249, 255 (2d Cir. 1998) ("[T]he imposition of an unlimited duty on a prosecutor to inquire of other offices not working with the prosecutor's office on the case in question would inappropriately require us to adopt a monolithic view of government that would condemn the prosecution of criminal cases to a state of paralysis."); *United States v. Hutcher*, 622 F.2d 1083, 1088 (2d Cir. 1980) ("Clearly the government cannot be required to produce that which it does not control and never possessed or inspected."); *United States v. Quinn*, 445 F.2d 940, 944 (2d Cir. 1971) (rejecting the "untenable position" that knowledge of a Florida prosecutor of certain evidence can be imputed to an AUSA in New York); *Gist v. United States*, 16 Cr. 656 (GHW), 2021 WL 3774289, at *17 (S.D.N.Y. Aug. 24, 2021) (holding that the fact that individuals "fall under the broad umbrella of the Department of Justice" does not thereby render them part of a same prosecution team"). Instead, "[c]ourts have been careful to impose the disclosure obligations created by Rule 16(a)(1) only on government attorneys and law enforcement officials actually involved in the prosecution or investigation of a particular case." *United States v. Attanasio*, No. 03-CR-1382 (NGG), 2005 WL 8153622, at *2 (E.D.N.Y. Sept. 9, 2005); *see also United States v. Volpe*, 42 F. Supp. 2d 204, 221 (E.D.N.Y. 1999) ("Courts have construed the term 'government' in this rule narrowly to mean the prosecutors in the particular case or the governmental agencies jointly involved in the prosecution of the defendant, and not the 'government' in general.").

The intelligence community and law enforcement community "have very distinct identities, mandates, and methods," and the Justice Manual instructs prosecutors to "be aware of the concomitant need of both communities to maintain a well-delineated separation between criminal prosecutions and foreign intelligence activities." Justice Manual § 9-90.210(A). Because the Government has maintained such a separation in this case, the intelligence community does not meet the narrow definition of a member of the prosecution team, as courts in this Circuit have recognized. *See United States v. Simmons*, No. 13-CR-6025CJS, 2016 WL 285176, at *17 (W.D.N.Y. Jan. 22, 2016) ("[E]ven if NSA were in possession of electronic communications of [the defendant]—a wholly speculative assertion—those communications are not subject to production" because the NSA was not part of the prosecution team.), *report and recommendation adopted*, No. 13-CR-6025, 2016 WL 1127802 (W.D.N.Y. Mar. 23, 2016); *United States v. Chalmers*, 410 F. Supp. 2d 278, 287, 289 (E.D.N.Y. 2006) (defendants not entitled to require government to search holdings of NSA and CIA because defendants failed to "establish that each of the [agencies] was part of the 'prosecution team'"). The defendant similarly has made no showing that the intelligence community is part of the prosecution team in this matter.

*Third*, the request should be denied for the additional, independent reason that the defendant has failed to make *a prima facie* showing that the intelligence community possesses information that is material to preparing his defense. The defendant's entire request is based on pure speculation and baseless claims about what he believes the intelligence community has in its possession. For example, the defendant states, with no support, that "[t]here is no question that

the U.S. intelligence community . . . has carefully surveilled and monitored Mr. Deripaska over the years and would have records material to the defense." (Mot. 15). The defendant also states, with no support, that it is "indisputable" that Customs and Border Protection stopped Evgeny Fokin on August 16, 2021 "at the request of the U.S. intelligence community." (Mot. 13). However, the defendant's ipse dixit does not make his statements true.[3] In short, the defendant's conclusory claims of materiality fall far short of a *prima facie* showing that the intelligence community possesses information that is material to preparing his defense. *See Abdalla*, 317 F. Supp. 3d at 790; *Finnerty*, 411 F. Supp. 2d at 431; *Rigas*, 258 F. Supp. 2d at 307.

### III. The Court Should Deny the Defendant's Motion to Reconsider the Court's Denial of His Prior Motion to Compel

The Court should also deny the defendant's second request to produce materials from the *Shriki* and *Bonham-Carter* cases.[4] After the parties thoroughly briefed the defendant's Prior Motion to Compel (Dkt. No. 84-87, 91), the Court denied the motion (Dkt. No. 123). Even though the defendant now seeks only a "narrower subset" of material that he sought in his Prior Motion to Compel (Mot. 25), his request should appropriately be considered as a motion for reconsideration, and the defendant has failed to demonstrate that reconsideration is warranted here.[5]

Courts in this District have held that reconsideration of a court's prior decision is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *United States v. Sessum*, No. 15 CR. 667-6 (KPF), 2020 WL 6392817, at *2 (S.D.N.Y. Oct. 30, 2020). "The standard for granting motions for reconsideration is strict, and a court may grant reconsideration only where the moving party demonstrates an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Alvarez-Estevez*, No. 13 CR. 380 (JFK), 2014 WL 12681364, at *1 (S.D.N.Y. Nov. 6, 2014); *United States v. Smith*, No. 14 CR. 813 (KPF), 2022 WL 16962261, at *2 (S.D.N.Y. Nov. 16, 2022). A motion for reconsideration should not be made "reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *Sessum*, 2020 WL 6392817, at *2.

In his Motion, the defendant has not identified any change in controlling law or new evidence that warrants a reconsideration of the Court's prior decision. Instead, he repeats the same arguments he made in his Prior Motion to Compel. (*Compare* Dkt. No. 85 at 23 (claiming that the purported records would show that Deripaska had an "established network to conduct business and make payments"), *with* Mot. 28 (claiming that the purported records would "demonstrate the personnel, entities, and financial institutions and accounts through which Mr. Deripaska routinely handled his transactions")). The Court already rejected these arguments, and the defendant should not be permitted to "take a second bite of the apple" through his reconsideration motion. *United*

---

[3] The Government can neither confirm nor deny the existence or non-existence of classified intelligence information. Nothing herein should be construed as such a confirmation or denial.

[4] In opposing this Motion, the Government is not conceding that the records the defendant seeks exist.

[5] The defendant's motion for reconsideration is also untimely. Under Local Criminal Rule 49.1, the defendant was required to file his motion for reconsideration within 14 days after the Court's decision on June 21, 2024.

Hon. Jennifer H. Rearden                                                          Page 5
January 17, 2025

*States v. Nawaz*, No. 16 CR. 431 (AT), 2021 WL 664128, at *1 (S.D.N.Y. Feb. 19, 2021).  In any event, even if the Court were to consider the Motion anew, it should be denied for all the reasons set forth in the Government's opposition to the Prior Motion to Compel (Dkt. No. 87).

Respectfully submitted,

EDWARD Y. KIM
Acting United States Attorney

By: /s/ _____
    Rebecca T. Dell
    Amanda C. Weingarten
    Olga I. Zverovich
    Assistant United States Attorneys
    (212) 637-2198 / 2257 / 2514

Cc: Defense Counsel (by ECF)